**FILED**

MAR 18 2024 UA

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:18-cr-00681
Judge Virginia M. Kendall
Magistrate Judge Maria Valdez

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RECEIVED

MAR 18 2024

MAGISTRATE JUDGE KERI HOLLEB HOTALING
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 681 |
| v. | Violations: Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 401(3), 1512(b)(1), and 3147 |
| MICHAEL ABRAMSON | |
| | **SUPERSEDING INDICTMENT** |

## COUNT ONE

The SPECIAL NOVEMBER 2023 GRAND JURY charges:

1.      At times material to this superseding indictment:

### Background

a.      The Internal Revenue Service was part of the United States Department of the Treasury and, among other things, was responsible for administering the tax laws of the United States and collecting taxes from individuals and entities.

b.      Corporations were required to file an annual United States Corporation Income Tax Return, Form 1120, including schedules and attachments, with the Internal Revenue Service by a date certain. Corporations could file a Form 1120X, Amended U.S. Corporation Income Tax Return, to correct a Form 1120 as originally filed or as later adjusted by an amended return.

c.      In Forms 1120 and 1120X, corporations were able to deduct business expenses that were ordinary and necessary, including payments to

employees and contractors for the services that they performed for the corporation's business. Corporations were not able to deduct personal expenses.

        d.     Individual taxpayers were required to file an annual United States Individual Tax Return, Form 1040, including schedules and attachments, with the Internal Revenue Service by a date certain, if the individual's gross income exceeded certain specified amounts.

        e.     The information that the Form 1040 required the taxpayer to provide included, but was not limited to, amounts of total income for the tax year and the amount of tax due or refund claimed. A taxpayer's total income included income received from a corporation, including income in the form of wages, compensation, dividends, and capital gains.

### Entities and Individuals Involved

        f.     Leasing Employment Services Company, Inc. ("Leasing Employment Services"), was a business incorporated in the State of Illinois.

        g.     Chicago Citywide Appraisals was a business incorporated in the State of Illinois in or around November 2002. In or around January 2003, Chicago Citywide Appraisals changed its name to Eastern Advisors, Inc. ("Eastern Advisors").

        h.     Defendant MICHAEL ABRAMSON was an attorney, licensed to practice in the State of Illinois since on or about April 23, 1974. ABRAMSON held an ownership interest in Leasing Employment Services and Eastern Advisors.

        i.     Eastern Advisors maintained bank accounts at two financial institutions, and ABRAMSON was a signatory on these accounts.

j.      Individual A had a romantic relationship with ABRAMSON.

k.      Individual B provided bookkeeping and accounting services for Leasing Employment Services and Eastern Advisors under the direction of ABRAMSON beginning in or around 2008.

l.      Individual C was a business associate of ABRAMSON.

## Payments to Individual A

m.      Beginning in or around June 2003, ABRAMSON caused Eastern Advisors to make payments to Individual A.

n.      Beginning in or around 2008, ABRAMSON directed Individual B to issue checks from an Eastern Advisors bank account that were made payable to Individual A and directed Individual B to classify these payments as "advance on commissions" in the books and records of Eastern Advisors.  As ABRAMSON well knew, these payments were not advances on commissions, but in fact were personal payments from ABRAMSON to Individual A based on income ABRAMSON received from Eastern Advisors.

o.      ABRAMSON further made and directed Individual B to make certain additional payments to Individual A and on behalf of Individual A, including payments of personal expenses incurred by Individual A, and directed Individual B to classify these payments as loans in the books and records of Eastern Advisors.  As ABRAMSON well knew, these payments were not loans, but in fact were personal payments from ABRAMSON to Individual A based on income ABRAMSON received from Eastern Advisors.

### False Corporate and Personal Tax Returns
### Filed at ABRAMSON's Direction

p.      Beginning no later than in or around 2012 and continuing until at least in or around 2016, ABRAMSON caused the filing of multiple United States Individual Tax Returns, Form 1040, including schedules and attachments, for calendar years 2011 through 2014, that falsely stated ABRAMSON's income by omitting ABRAMSON's income from Eastern Advisors, which ABRAMSON directed to Individual A.

q.      Between in or around 2002 and continuing until at least in or around 2013, Eastern Advisors was required to and did not file an annual United States Corporation Income Tax Return, Form 1120.

r.      In or around 2013, Individual C advised ABRAMSON that the Internal Revenue Service was requesting information related to ABRAMSON and Eastern Advisors.

s.      Beginning no later than in or around 2014 and continuing until at least in or around 2015, ABRAMSON caused the filing of United States Corporation Income Tax Returns, Forms 1120 and 1120X, including schedules and attachments, for Leasing Employment Services for calendar years 2006 through 2014.    At ABRAMSON's direction, these corporate tax returns for Leasing Employment Services included information concerning the income and business expenses of Eastern Advisors.   These returns falsely identified payments previously made by Eastern Advisors to Individual A at ABRAMSON's direction as business expense deductions and loans.

4

2.     On or about October 15, 2012, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2011, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $546,148, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $546,148;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.      On or about October 17, 2013, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2012, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $755,848, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $755,848;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.     On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2006, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $72,156 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $122,545, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.     On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2007, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $77,585 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $150,557, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.     On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2008, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $17,227 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $276,761, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.      On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2009, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $65,311 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $374,186, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

**COUNT SEVEN**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.      On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2010, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $69,045 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $457,239, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

11

## COUNT EIGHT

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2. On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

### MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2011, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $48,684 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $535,257, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.      On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, an Amended United States Corporation Income Tax Return 1120X for Leasing Employment Services with schedules and attachments for the calendar year 2012, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 2 regarding total deductions included approximately $48,275 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets in the Form 1120 attached to the Form 1120X included a loan receivable to "JT" in the amount of $662,417, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT TEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.    On or about August 12, 2014, in the Northern District of Illinois, Eastern Division,

## MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Corporation Income Tax Return 1120 for Leasing Employment Services with schedules and attachments for the calendar year 2013, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 26 regarding other deductions included approximately $59,312 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets included a loan receivable to "JT" in the amount of $733,614, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

14

## COUNT ELEVEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.    The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.    On or about October 20, 2014, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040 with schedules and attachments for the calendar year 2013, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of said return that defendant's total income was $604,713, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $604,713;

In violation of Title 26, United States Code, Section 7206(1).

15

## COUNT TWELVE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.     On or about September 21, 2015, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Corporation Income Tax Return 1120 for Leasing Employment Services with schedules and attachments for the calendar year 2014, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that line 26 regarding other deductions included approximately $49,711 in payments made to Individual A, while in truth defendant knew and believed that such payments were personal and non-deductible payments, Schedule L, line 14, regarding other assets included a loan receivable to "JT" in the amount of $779,538, while in truth defendant knew and believed that the amount consisted of personal payments from defendant to Individual A and not a loan;

In violation of Title 26, United States Code, Section 7206(1).

### COUNT THIRTEEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count One of this superseding indictment are incorporated here.

2.     On or about October 17, 2016, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did willfully make and subscribe and caused to be made and subscribed, a United States Individual Income Tax Return 1040X with schedules and attachments for the calendar year 2014, which return was verified by a written declaration that was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that it falsely stated on line 22 of the Form 1040 attached to the Form 1040X that defendant's total income was $673,938, whereas defendant knew that the amount set forth on line 22 was false and fraudulent because defendant's total income was substantially in excess of $673,938;

In violation of Title 26, United States Code, Section 7206(1).

17

**COUNT FOURTEEN**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      At times material to this Count:

a.      Paragraphs 1.f. through 1.h., 1.j., 1.k., and 1.m. through 1.o. of Count One of this superseding indictment are incorporated here.

b.      Individual D was a business associate of ABRAMSON.

**The Charges and Conditions of Release**

c.      On or about October 11, 2018, a criminal proceeding was initiated against ABRAMSON in the United States District Court for the Northern District of Illinois. The case was captioned *United States v. Michael Abramson*, and assigned case number 18 CR 681 (the "federal criminal case").

d.      The following matters, among others, were material to the federal criminal case:

i.      The business activities of Eastern Advisors, and whether Individual B knew what those activities were;

ii.      Whether Individual B made entries into Eastern Advisors' QuickBooks at ABRAMSON's direction;

iii.      Whether Leasing Employment Services actually owned Eastern Advisors;

iv.      Whether Individual B made changes to Eastern Advisors' QuickBooks in March 2014 at ABRAMSON's direction for the purpose of filing amended corporate tax returns;

          v.          Whether ABRAMSON directed Individual B to send commissions payments to ABRAMSON using funds from Eastern Advisors between 2008 and 2014;

          vi.          Whether Eastern Advisors legitimately loaned money to Individual A; and

          vii.          Whether Individual A legitimately earned commissions payments ABRAMSON caused Individual B to make to Individual A.

          e.          On or about October 18, 2018, a judge assigned to the federal criminal case entered an order setting conditions of release (the "Order") for ABRAMSON so that ABRAMSON could remain out of custody prior to trial, provided that he followed the conditions ordered by the Court. Among other conditions, the Order included Condition 1, which provided that ABRAMSON "must not violate federal, state, or local law while on release," and Condition 7(g), which provided that ABRAMSON must "avoid all contact, directly or indirectly, with any person who is or may be a . . . witness in the investigation or prosecution, including . . . Individual B . . . except as necessary to the operation of defendant's businesses." The judge read the conditions of release, including Conditions 1 and 7(g) in open court with ABRAMSON present, and ABRAMSON signed the Order, acknowledging that he was aware of the conditions of release.

## <u>Individual B Provides Sworn Testimony</u>

2.    On or about February 1, 2023, Individual B testified under oath during a proceeding in the federal criminal case, including but not limited to answering the following questions as follows:

[1]    Q:    Between 2008 and 2014, did you know what Eastern Advisors' business was?

      A:    Not really.

[2]    Q:    And when you used QuickBooks to do accounting for [ABRAMSON's] companies, at whose direction were you making the entries?

      A:    Michael Abramson.

[3]    Q:    At any point were you a shareholder of any of [ABRAMSON's] companies?

      A:    Not that I'm aware of.

[4]    Q:    During this time period between 2008 to 2014, did [ABRAMSON] direct you to send commissions payments to himself?

      A:    No.

[5]    Q:    Do you recall approximately when [ABRAMSON] made the request that you [recharacterize expenses]?

      A:    2014.

[6]    Q:    Did [ABRAMSON] tell you why you were going back and recharacterizing payments that had previously been booked as advance on commissions to commissions?

      A:    He said he had to start tax returns.

[7]    Q:    [Individual B], during the time that you worked for [ABRAMSON's] companies – and, again, the 2008 to 2014 time period – did you ever see a written loan agreement between [ABRAMSON] and [Individual A]?

      A:    No.

[8]    Q:    Do you understand what [Individual A] was being paid for?

        A:    For the billboard signs.

### ABRAMSON Provides Individual B with a Scripted Transcript in Anticipation of Individual B's Testimony at Trial

3.    The trial in the federal criminal case was scheduled to begin on or about February 5, 2024.

4.    Prior to on or about January 23, 2024, Individual B told ABRAMSON that Individual B was scheduled to meet with the government to prepare to testify as a witness at the trial.

5.    On or about January 23, 2024, ABRAMSON provided Individual B with a printed transcript of Individual B's testimony from February 1, 2023. The printed transcript had handwritten notes on the text of the transcript and in the margins, and additional information in the form of handwritten and printed pages mixed in with the transcript pages (referred to herein as the "Scripted Transcript"). ABRAMSON directed Individual B to review the Scripted Transcript and told Individual B not to bring the Scripted Transcript to the preparation session between Individual B and the government.

6.    The Scripted Transcript, among other things, provided Individual B with: (i) purported facts of which Individual B was not aware, (ii) purported facts which contradicted Individual B's prior testimony under oath, (iii) scripted, different answers to questions that Individual B previously answered under oath, and (iv) crossed-out answers that Individual B had previously provided under oath.

7.      In the Scripted Transcript, ABRAMSON made handwritten notations which altered the substance of Individual B's prior testimony as to matters that were material to the federal criminal case as specified in paragraph 1(d).

8.      ABRAMSON's handwritten notations which altered the substance of Individual B's prior testimony included, but not limited to, the scripted revisions that appear in italics below:

[1]   Q:   Between 2008 and 2014, did you know what Eastern Advisors' business was?

      A:   Not really.   *Just that it was a real estate broker that received commissions.*

[2]   Q:   And when you used QuickBooks to do accounting for defendant's companies, at whose direction were you making the entries?

      A:   Michael Abramson.   *The accounting activity was routine.*   Michael Abramson *would send me bills & invoices, I would collect employees time & attendance and enter the payroll and cut checks.*

[3]   Q:   At any point were you a shareholder of any of defendant's companies?

      A:   Not that I'm aware of.  *Yes __ I owned __ shares in Leasing Employment. Abramson bought out [Individual D] in ___ first ½ then the rest except for my 2%.  I owned 2% . . . .*"

[4]   Q:   During this time period between 2008 to 2014, did [ABRAMSON] direct you to send commissions payments to himself ?

      A:   ~~No~~.  *Yes – he earned commissions on _____.*

[5]   Q:   Do you recall approximately when [ABRAMSON] made the request that you [recharacterize expenses]?

      A:   2014. *& 2013 when we were preparing financial statements for the banks.*

[6]   Q:   Did [ABRAMSON] tell you why you were going back and recharacterizing payments that had previously been booked as advance on commissions to commissions?

A:    *The company was going to apply for a bank loan.*  He said he had to start tax returns.

[7]    Q:    [Individual B], during the time that you worked for [ABRAMSON's] companies – and, again, the 2008 to 2014 time period – did you ever see a written loan agreement between [ABRAMSON] and [Individual A]?

A:    No. – *This not what [Individual A] owes the company – this account keeps track of how much Abramson has funded out of his personal money in excess of her commissions.*

[8]    Q:    Do you understand what [Individual A] was being paid for?

A:    For *originating the deal for* the billboard signs.

8.    On or about January 23, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL ABRAMSON,

defendant herein, did knowingly attempt to corruptly persuade another person, namely, Individual B, with intent to influence the testimony of Individual B in an official proceeding, namely, federal criminal case 18 CR 681;

In violation of Title 18, United States Code, Section 1512(b)(1); and

MICHAEL ABRAMSON,

defendant herein, committed the offense while on release under Chapter 207 of Title 18, United States Code, pursuant to an order of the United States District Court for the Northern District of Illinois;

In violation of Title 18, United States Code, Section 3147.

**COUNT FIFTEEN**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     The allegations in paragraph 1 of Count Fourteen of this superseding indictment are incorporated here.

2.     On or about January 23, 2024, in the Northern District of Illinois, Eastern Division,

MICHAEL ABRAMSON,

defendant herein, did knowingly and willfully disobey and resist a lawful order and command of a court of the United States, namely, the order setting conditions of release entered by the United States District Court for the Northern District of Illinois in federal criminal case number 18 CR 681, in that defendant contacted Individual B regarding Individual B's trial testimony and corruptly attempted to influence Individual B's testimony;

In violation of Title 18, United States Code, Section 401(3).


A TRUE BILL:


_____
FOREPERSON


_____
Signed by Amarjeet S. Bhachu
on behalf of the
ACTING UNITED STATES ATTORNEY


24