1   TRANSCRIBED FROM DIGITAL RECORDING

2                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
3                          EASTERN DIVISION

4   UNITED STATES OF AMERICA,                    )
                                                 ) Case No. 18 CR 681-1
5           Plaintiff,                           )
                                                 )
6           vs.                                  )
                                                 ) Chicago, Illinois
7   MICHAEL ABRAMSON,                            ) October 18, 2018
                                                 ) 10:30 a.m.
8               Defendant.                       )

9   TRANSCRIPT OF PROCEEDINGS - Initial Appearance and Arraignment
        BEFORE THE HONORABLE MARIA VALDEZ, Magistrate Judge
10
    APPEARANCES:
11

12  For the Government:        HON. JOHN R. LAUSCH, JR.
                               219 South Dearborn Street
13                             Chicago, Illinois  60604
                               BY:  MR. RICHARD M. ROTHBLATT
14

15  For the Defendant:         UB GREENSFELDER LLP
                               200 West Madison Street
16                             Suite 3300
                               Chicago, Illinois  60606
17                             BY:  MR. PATRICK JOHN COTTER

18  ALSO PRESENT:              Ms. Laura Neelin
                               Pretrial Services
19

20

21
                    PAMELA S. WARREN, CSR, RPR
22              Official Court Reporter - Retired
                   23869 N. High Ridge Drive
23              Lake Zurich, Illinois   60047
                        312.823.0001
24

25  NOTE:  Please notify of correct speaker identification.

1          (Proceedings held in open court:)

2          THE CLERK:  18 CR 681, defendant one, United States of

3    America versus Michael Abramson, arraignment hearing.  I'm

4    sorry, initial appearance and arraignment.

5          MR. ROTHBLATT:  Good morning, your Honor.  Richard

6    Rothblatt on behalf of the United States.

7          MR. COTTER:  Good morning, your Honor.  Patrick

8    Cotter, C-O-T-T-E-R, on behalf of Mr. Abramson, who is before

9    the Court.

10          MS. NEELIN:  Good morning, your Honor.  Laura Neelin

11    on behalf of Pretrial Services.

12          THE COURT:  Good morning to everyone.  We're here for

13    Mr. Abramson's initial appearance and arraignment.

14          Mr. Cotter, do you have a copy of the indictment?

15          MR. COTTER:  I do, and we waive reading at this time,

16    your Honor.

17          THE COURT:  Do you want to enter a plea at this time?

18          MR. COTTER:  Yes, your Honor.  Mr. Abramson will be

19    pleading not guilty.

20          THE COURT:  Let me have the government advise

21    Mr. Abramson as a general nature of the charge and the maximum

22    penalties.

23          MR. ROTHBLATT:  Your Honor, the defendant is charged

24    with 13 counts of false statements on corporate and personal

25    income tax returns in violation of Title 26, United States

1  Code, Section 7206, subparagraph one.

2           The maximum term of imprisonment, three years per

3  count.  A fine of $100,000.  A term of supervised release of

4  one year.  A special assessment of $100.

5           THE COURT:  Mr. Abramson, do you understand generally

6  the nature of the charges and the maximum penalties?

7           THE DEFENDANT:  I do.

8           THE COURT:  Then I advise you of your rights.  You

9  have the right to remain silent.  You are not required to make

10 any statements.  If you choose to make a statement, you can

11 stop at any time.  You must remember that any statement you

12 make can be used against you.

13          Do you understand this?

14          THE DEFENDANT:  Yes.

15          THE COURT:  You have the right to have an attorney

16 represent you.  If you cannot afford an attorney, you need to

17 make an application to the Court, and if the Court finds you're

18 entitled to free counsel, we'll appoint one for you.  The

19 important point is you're entitled to counsel whether or not

20 you can afford it.

21          Do you understand this?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  All right.  He's been advised of his

24 rights.

25          What is the government's position on bond?

1        MR. ROTHBLATT:  Your Honor, the defendant and

2 government have come to an agreement on certain conditions of

3 release and a bond.  I would like to tender to the Court for

4 the Court's review.

5        THE COURT:  All right.  Let me -- while you're doing

6 that, let me just inquire of Mr. Cotter if he has received a

7 copy of the Pretrial Services report.

8        MR. COTTER:  We have, your Honor.  Thank you.

9        THE COURT:  Would you like to raise any factual

10 objections to the report?

11        MR. COTTER:  No, your Honor.  I believe Pretrial

12 Services informed me there is a small correction on page 4 that

13 they would like to make.

14        MS. NEELIN:  Yes.  Under substance abuse, that first

15 sentence there should read Mr. Abramson noted he does not

16 (unintelligible).

17        THE COURT:  All right.  Thank you.

18        MR. ROTHBLATT:  And, your Honor, one additional note,

19 that defendant might be able to provide a little bit more color

20 to the Court on, is that this defendant has planned

21 international travel for both business and personal reasons,

22 and he would thus need to maintain his passport.  So the

23 proposed conditions of release that we're tendering to the

24 Court don't include the defendant providing his passport to

25 Pretrial Services and agreeing not to make -- obtain a new

1  passport.  However, that's partially the justification for the

2  $100,000 bond secured by $25,000 payment.

3          THE COURT:  All right.  Let me look at the bond work.

4           (Brief interruption.)

5          THE COURT:  All right.  It is fine for the Court.

6          Let me give you back the rider that needs to be

7  signed.

8          MR. COTTER:  Your Honor, if I may raise one issue on

9  the rider.  There is a condition on there that I have discussed

10 with the government which is in accordance with a comment in

11 the pretrial report he received regarding defendant

12 participating in gambling treatment, et cetera.

13         I represent to the Court that Mr. Abramson did, of

14 course, honestly acknowledge that he periodically engages in

15 legal gambling, completely legal gambling.  He does not have a

16 gambling problem, your Honor.  He has no gambling debt.

17         As the pretrial report shows, he is a -- he has

18 substance and he has great community ties.  He's an attorney.

19 He has never had any problem with that.  And we would

20 respectfully ask the Court to not impose that as a condition of

21 his release.

22         THE COURT:  I do appreciate your argument, but

23 the -- I'm going to continue to impose that.  It is not that he

24 must go into treatment, it is if Pretrial Services deems it

25 necessary.  So Pretrial Services will do their due diligence,

1    will take into account everything that your client will say

2    with respect to it, and it would be up to them to order him to

3    attend or not attend.

4            All right.  So if you want to sign off on that rider.

5            MR. COTTER:  I will talk to my client if I may have a

6    moment, your Honor.

7            THE COURT:  Yes.

8       (Brief interruption.)

9            THE COURT:  All right.  Mr. Abramson, we're going to

10   go over your conditions of release.  I want you to listen very

11   carefully.  If you have any questions and you want to consult

12   with your lawyer, just give me an indication, and I'll let you

13   have a private moment.

14           You will be released on $100,000 bond secured by a

15   $25,000 cash deposit with the Court.

16           You must submit to supervision by Pretrial Services.

17           Your travel is restricted to the Northern District of

18   Illinois.  And any travel outside of that district must be

19   approved by Pretrial Services and the Court.

20           Do you understand that?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  You must avoid all contact, directly or

23   indirectly, with any persons who may be a victim or witness in

24   this investigation or prosecution, and this includes

25   Individuals A and B as identified in the indictment, except as

1  necessary to the operation of your business.  And obviously the

2  government will advise your attorney and you who Individuals A

3  and B are.

4          You are not to possess a firearm, destructive device,

5  or other dangerous weapon.

6          You are to report as soon as possible to Pretrial

7  Services.

8          Any contact that you might have with law enforcement,

9  this could include something as small as a traffic stop, you

10  must advise Pretrial Services of that.

11          You also have agreed to a rider condition, which is

12  that you must surrender your FOID card to Pretrial Services.

13  And if Pretrial Services deems it necessary, you must

14  participate in gambling treatment.

15          Do you understand these conditions?

16          THE DEFENDANT:  Yes, your Honor.

17          THE COURT:  You understand that if you violate any one

18  of these conditions, it could result in your bond being revoked

19  and you would possibly be in federal custody.

20          THE DEFENDANT:  I understand.

21          THE COURT:  Do you understand that if you fail to make

22  a court hearing in which you were ordered to appear, it could

23  not only result in your bond being revoked, but in possibly new

24  charges being filed against you?

25          THE DEFENDANT:  I understand.

1          THE COURT:  All right.  I'm going to hold up what

2    appears to be your signature on the bond.  And there are three

3    signatures.  The first one appears to be your signature on the

4    rider.  Is that in fact your signature?

5          THE DEFENDANT:  It is, your Honor.

6          THE COURT:  The second one is the signature on the

7    appearance bond.  Is that your signature?

8          THE DEFENDANT:  It is, your Honor.

9          THE COURT:  And, finally, the signature on the

10   conditions of release, is that in fact your signature?

11         THE DEFENDANT:  It is, your Honor.

12         THE COURT:  All right.  Thank you.

13         I'm signing off on the conditions of release.  The

14   defendant is ordered released after processing.

15         So Mr. Cotter, he needs to be processed by the

16   marshals.

17         MR. COTTER:  Yes, your Honor.  If I may, your Honor,

18   one, we have been up to the marshals and we accomplished most

19   of the processing, but we will report back up there.

20         Secondly, your Honor, I have had a discussion with the

21   assistant U.S. Attorney this morning.  We are going to post the

22   $25,000 but we need to do that tomorrow morning.  So I just

23   want it to be clear with the Court that that money will be

24   posted but we would need until tomorrow morning because he

25   doesn't have a check with him.  All of his checks are in fact

1   processed by one of his employees.

2          THE COURT:  All right.  So I'm going to put on the

3   conditions -- I presume that's not -- there is no objection to

4   that?

5          MR. ROTHBLATT:  No objection, your Honor.

6          THE COURT:  That he must post the cash deposit with

7   the Court by noon on 10-19.

8          THE DEFENDANT:  Okay.

9          MR. COTTER:  Yes, your Honor.  Okay.

10         THE DEFENDANT:  So I'm adding that modification to the

11  bond.

12         MR. COTTER:  Thank you, your Honor.

13         THE COURT:  Did we provide further dates for counsel?

14         MR. ROTHBLATT:  Not yet, your Honor.

15         THE CLERK:  16.1(a) conference by 10-25.

16         Pretrial motions by November 8th.

17         Response by November 22nd.

18         And you must contact Judge Kendall's chambers directly

19  for a status hearing date.

20         THE COURT:  Anything further?

21         MR. ROTHBLATT:  Your Honor, the government would move

22  to exclude time.  We don't have a date for the next status yet,

23  but the government would move to exclude time in the interest

24  of justice for review of discovery.

25         THE COURT:  Until the next status?

1      MR. ROTHBLATT:  Until the next status.

2      THE COURT:  Any objection?

3      MR. COTTER:  No objection.

4      THE COURT:  All right.  That motion is granted.

5      Anything else on behalf of Mr. Abramson?

6      MR. COTTER:  One moment please, your Honor.

7      THE COURT:  Yes.

8   (Brief interruption.)

9      MR. COTTER:  Thank you, your Honor.  We would

10  just -- an issue regarding the permission regarding travel, but

11  I think we'll work it out.

12     THE COURT:  All right.  Thank you very much.

13     MR. ROTHBLATT:  Thank you, Judge.

14     MR. COTTER:  Thank you very much, your Honor.

15       (Which concluded the proceedings.)

16                    CERTIFICATE

17     I certify that the foregoing is a correct transcript

18  from the digital recording of proceedings in the above-entitled

19  matter to the best of my ability, given the limitation of using

20  a digital-recording system.

21

22  */s/Pamela S. Warren*                March 20, 2024
    Official Court Reporter - Retired           Date
23  United States District Court
    Northern District of Illinois
24  Eastern Division

25