UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL ABRAMSON | No. 18 CR 681<br><br>Hon. Virginia M. Kendall |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
OR SEVER COUNTS 14 AND 15 OF THE SUPERSEDING INDICTMENT**

Defendant moves to dismiss or sever Counts 14 and 15 of the Superseding Indictment, and, if severed, order a separate trial on those charges. R. 201. The Superseding Indictment, however, accords with joinder rules, and defendant has not met his burden to show that he is likely to suffer unfair prejudice sufficient to justify severance. This Court should deny the motion.

## BACKGROUND

In summary,[1] from 2002 to 2013, defendant used his company Eastern Advisors to give hundreds of thousands of dollars to his mistress Jerilyn Totani. In doing so, defendant used Eastern Advisors to disguise the payments as commissions and loans. In 2014 and 2015, defendant caused consolidated amended and original corporate tax returns to be filed for tax years 2006 to 2014 that included improper deductions taken related to the Totani payments and listed as an asset of Eastern Advisors a fake loan receivable from "JT" (Jerilyn Totani). Because those Totani payments were taxable income to defendant and he did not report those payments in

---

[1] The government incorporates by reference the factual background in its 404(b) motion (R. 209) and in its Emergency Motion to Revoke Bond (R. 175).

his personal tax returns, defendant also falsely represented his income in his personal returns. The false statements in defendant's corporate tax returns for 2006 through 2014 and defendant's personal income tax returns for 2011 through 2014 resulted in tax loss to the IRS in the amount of approximately $266,612.

On October 11, 2018, a grand jury returned a 13-count indictment charging defendant with making false statements in personal and corporate income tax returns, in violation of Title 26, United States Code, Section 7206(1). R. 1.

Between January 31, 2023, and February 10, 2023, a jury trial was held, resulting in a mistrial. R. 146-54. At that trial, defendant's employee, Individual B, testified. Defendant was under pretrial release conditions that prohibited him from communicating with Individual B except as necessary to the operation of his business. R. 13. During trial, the Court admonished defendant regarding this condition due to Individual B's report that defendant had provided her with information relevant to the trial. After the mistrial, a new trial date was set for February 5, 2024. R. 171. Shortly before this trial, defendant provided Individual B with a copy of the transcript from her trial testimony with handwritten notations changing or scripting her answers and supplying information. On the motion of the government, defendant's bond was revoked, and the trial date was stricken. R. 178. A new trial date was set for July 1, 2024. R. 183.

On March 18, 2024, a grand jury returned a superseding indictment. R. 184. The superseding indictment charges defendant with the originally-charged 13 counts of false statements in corporate and individual tax filings, in violation of Title 26,

United States Code, Section 7206(1) (collectively, the tax charges); and, in connection with defendant's January 2024 contact with Individual B, one count of witness tampering, in violation of Title 18, United States Code, Section 1512(b)(1), and one count of contempt of court order, in violation of Title 18, United States Code, Section 401(3) (collectively, the witness tampering charges). R. 184.

## LEGAL STANDARDS

Two rules govern joinder and severance. First, Rule 8(a) allows a defendant to be charged with two or more offenses if one of three circumstances are present: "if the offenses charged … are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed R. Crim. P. 8(a). Joinder of offenses increases judicial economy by avoiding duplicative trials. *See United States v. Coleman*, 22 F.3d 126, 132 (7th Cir.1993) ("Judicial economy and convenience are the chief virtues of joint trials—i.e. joinder often avoids expensive and duplicative trials."). Seventh Circuit precedent "make[s] plain that there is a strong policy preference in favor of the joinder of qualifying charges and that the rule must be broadly construed toward that end." *United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998). "One trial, rather than several, is the rule, not the exception." *United States v. Arrington*, 159 F.3d 1069, 1072 (7th Cir. 1998). As such, joinder of counts under Rule 8(a) "requires nothing more than the similarity of the offenses to be joined." *United States v. Turner*, 93 F.3d 276, 283 (7th Cir. 1996). In assessing joinder under Rule 8(a), courts look solely to the face of the

3

government's indictment and not to any evidence ultimately presented at the defendant's trial. *See Alexander*, 135 F.3d at 475.

Second, under Rule 14(a), properly joined charges can be severed if there is a serious risk that joinder will deprive a defendant of a fair trial. Fed. R. Crim. P. 14(a). In a motion to sever under Rule 14(a), the defendant "bears the difficult burden of demonstrating prejudice from the joinder." *United States v. Berardi,* 675 F.2d 894, 901 (7th Cir. 1982). It is insufficient to show that "separate trials might have provided the defendant a better shot at acquittal." *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013). Instead, the defendant must be able to show that denial of severance "prevented him from receiving a fair trial." *United States v. Calabrese*, 572 F.3d 362, 368 (7th Cir. 2009).

## ARGUMENT

### I. Counts 14 and 15 Are Properly Joined Under Rule 8(a).

The witness tampering counts are properly joined with the tax counts pursuant to Rule 8(a) because they are "logically related" and based on the same transaction. *Berardi*, 675 F.2d at 900. Relevant here, the Seventh Circuit regularly upholds the joinder of obstruction-related charges with charges that were the subject of the obstruction because the obstruction and underlying charges are necessarily part of the same transaction. The Seventh Circuit has explained that, with respect to Rule 8(a):

> "Transaction" is a word of flexible meaning and "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." In determining whether the connection between the acts charged is sufficient to meet the requirements of

4

joinder under Rule 8(a), the court should be guided by the extent of evidentiary overlap.

*Berardi*, 675 F.2d at 899–900 (citations omitted). Courts analyze this evidentiary overlap by, for example, evaluating whether the evidence of the non-obstruction count tends to establish motive for the obstruction-related count and whether the obstruction-related count tends to evidence consciousness of guilt with respect to the non-obstruction count. *Id.*; *United States v. Rajewski*, 526 F.2d 149, 155 (7th Cir. 1975).

In *Berardi*, defendant was charged with mail fraud, extortion, and obstructing justice by attempting to convince a witness to testify falsely in the grand jury. 675 F.2d at 896-97. Berardi moved to sever the obstruction count, and the court denied the motion. *Id.* at 899. Berardi appealed, claiming prejudicial joinder. *Id.* In affirming the district court's denial of the motion to sever, the Seventh Circuit noted:

> The acts alleged in [the obstruction count] were logically related to [the mail fraud and extortion counts] . . . . [I]n the instant case, evidence of Berardi's involvement in the alleged extortion and mail fraud tended to establish a motive for the obstruction of justice, and evidence of his efforts to influence [the witness's] testimony tended to establish Berardi's guilty consciousness of the illegal payoffs. Count Seven and Counts One through Six were thus "inextricably connected" and their joinder under Rule 8(a) was permissible.

*Id.* at 900.

Similarly, in *Rajewski*, defendant was charged with making and using false documents in an application for a disaster loan and with obstructing justice by attempting to convince a witness to his case to testify falsely in the grand jury. 526 F.2d at 151. Rajewski moved to sever the obstruction count, and the court denied the

5

motion. *Id.* at 152. Rajewski appealed, claiming prejudicial joinder. *Id.* In affirming the district court's denial of the motion to sever, the Seventh Circuit noted:

> On the one hand, the accumulated evidence of fraud tended to establish the motive for Rajewski's obstruction of justice, and, on the other hand, the accumulated evidence of the grand jury proceedings and the events leading up thereto tended to establish Rajewski's guilty consciousness of the fraud. The two facets of the evidence were mutually dependent upon and inextricably connected with one another, in spite of the fact that the evidence proving them individually was not identical. The facts were relatively simple and readily susceptible of compartmentalizing and the supportive evidence was offered separately.
>
> In sum, it appears clear that if severance had been granted of the counts, the evidence in the separate trials would have been substantially the same as was presented in toto in the one trial. We cannot, under these circumstances, say that the failure to sever the counts constituted an abuse of discretion or reversible error.

*Id.* at 155; *see also United States v. Balzano,* 916 F.2d 1273, 1280 (7th Cir. 1990) (upholding joinder of witness intimidation count with extortion and RICO conspiracy counts and stating that "witness intimidation count was clearly part and parcel of the same criminal scheme"); *United States v. Raineri,* 670 F.2d 702, 708 (7th Cir. 1982) (noting that evidentiary overlap guides joinder analysis), *cert. denied,* 459 U.S. 1035 (1982).

There is no requirement that the obstruction and non-obstruction counts occur at the same time. *See Balzano*, 916 F.2d at 1280 (upholding joinder of extortion, RICO conspiracy, and threatening and intimidating a grand jury witness counts related to a scheme occurring in 1982 and 1983 and attempted obstruction of justice in 1986). *See, e.g., United States v. Muhammad*, No. 05 CR 136, 2005 WL 2076671, at *1 (E.D.

6

Wis. Aug. 26, 2005). In *Muhammad*, the court denied a motion to sever drug trafficking and witness tampering charges. *Id.* In so doing, the court observed:

> Although the charges allege different crimes occurring at different periods of time, the alleged witness tampering was intended to prevent incriminating testimony related to the drug trafficking charge. It is an attempt to derail prosecution of the original offense. If successful in his attempt to prevent the witness' testimony, Muhammad might have weakened the government's case, increasing his chances of having the jury find him not guilty of drug trafficking. Consequently, the charges are "connected with or constitute parts of a common scheme or plan" and satisfy the third prong of Rule 8(a)."

*Id.*

Other circuits agree. For example, in *United States v. Lingala*, the Third Circuit upheld the joinder of murder-for-hire charges and witness tampering charges in connection with defendant's attempts, while in pretrial detention for the murder-for-hire charges, to prevent his girlfriend from testifying against him at trial. 91 F.4th 685, 689-90 (3d Cir. 2024). The Third Circuit noted that other circuit courts take a similar approach to "obstruction offenses like witness tampering," citing opinions from the First, Fifth, Seventh, and Eighth Circuits. *Id.* at 693; *see also United States v. Stackpole*, 811 F.2d 689, 693 (1st Cir. 1987) (upholding joinder of obstruction counts with arson-related counts); *United States v. Davis*, 752 F.2d 963, 971–72 (5th Cir. 1985) (upholding joinder of obstruction counts with fraud counts). The court went on to state that a temporal gap between the acts underlying the charges does not equate to improper joinder: "Rule 8(a) does not expressly or impliedly require that offenses be committed within a limited timeframe. Rather, it is a "liberal joinder provision"

7

designed "to promote judicial and prosecutorial economy by the avoidance of multiple trials."" *Id.* (citation omitted).

Likewise, in *United States v. Colhoff*, the Eighth Circuit upheld the joinder of a narcotics conspiracy count and attempted witness tampering, where defendant had attempted to influence the testimony of witness at the trial of a fellow drug trafficker (but not co-defendant). 833 F.3d 980, 983 (8th Cir. 2016). The Court stated,

> Witness tampering is "factually interrelated" with the proceeding in which the defendant attempted to interfere. Joinder of a tampering or obstruction charge with an underlying substantive offense is proper, because the former is "connected to, and interrelated with" the latter. While our prior decisions involved attempts by a defendant to obstruct his own prosecution, we do not think it was plain error for the district court to extend the logic to an attempt to impede the prosecution of another drug trafficker who was supplied by the same person as the defendant

*Id.*

Here, as in the cases described above, the acts alleged in the counts for witness tampering and disobeying a court order are logically related to the tax fraud. Evidence of defendant's involvement in the alleged tax fraud will tend to establish a motive for the witness tampering and disobeying a court order, and evidence of his efforts to influence Individual B's testimony will tend to establish defendant's consciousness of guilt with regard to the tax fraud. *See Berardi*, 675 F.2d at 900. Counts 14 and 15 are thus "inextricably connected," and their joinder under Rule 8(a) is permissible. *See id.*

For these reasons, Counts 14 and 15 were properly joined with the tax charges in the Superseding Indictment under Rule 8(a).

## II. There is No Substantial Risk of Prejudice Under Rule 14.

Even though Counts 14 and 15 were joined properly under Rule 8(a), this Court may grant severance pursuant to Rule 14 if it appears that the defendant will be prejudiced by the joinder. *See Berardi*, 675 F.2d at 900. Defendant bears the "heavy burden" of demonstrating prejudice from the joinder. *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013). Here, defendant has not met that burden, nor can he.

Rule 14 requires actual prejudice to a defendant to warrant severance: "such prejudice requires that the defendant have been deprived of a fair trial, not merely a better chance at acquittal than an individual trial may have afforded." *United States v. Morales*, 655 F.3d 608, 624 (7th Cir. 2011) (citations omitted); *cf. United States v. Lane*, 474 U.S. 438, 439 (holding that actual prejudice means a "substantial and injurious effect or influence in determining the jury's verdict").

Defendant offers two possible prejudicial effects of joinder here: (1) Counts 14 and 15 will cause "spillover prejudice," "in that the jury may infer, irrespective of the evidence, that Abramson would not have attempted to influence witness testimony unless he was guilty of [the tax charges];" and (2) defendant may want to testify regarding the conduct underlying Counts 14 and 15 but not the tax charges. R. 201 at 4.

Defendant's concerns about the likelihood of the jury rendering propensity-based verdicts—that he may be found guilty on the tax charges counts purely due to his guilt on the witness tampering charges—is misplaced. This oft-cited "evidentiary

9

spillover" theory as a basis for requiring severance has been repeatedly rejected in this Circuit. *United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (noting that only case granting severance on these grounds was "dubious"). Instead, the Seventh Circuit has consistently held that a limiting instruction will suffice to cure any risk of such prejudice. *See United States v. Thompson*, 286 F.3d 950, 968 (7th Cir. 2002) (discussing presumption that jury can capably sort through evidence and follow court's limiting instructions to consider each defendant separately); *United States v. O'Neill*, 116 F.3d 245, 249 (7th Cir. 1997) ("We presume that juries understand and follow jury instructions."); s*ee also United States v. Jackson*, 736 F. App'x 143-44 (7th Cir. 2018) (the court's limiting instruction to the "jury to consider each defendant separately and 'to access each defendant's culpability based on his or her own actions'" served to cure "any risk of undue prejudice.") (citations omitted).

Here, the government will propose, and the Court would presumably provide, Pattern Instruction 4.06. That instruction tells jurors that the "number of charges is not evidence of guilty and should not influence your decision," and more, that the jurors "must consider each charge and the evidence concerning each charge separately" and a "decision on one charge … should not influence your decision on any other charge." THE WILLIAM J. BAUER PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT 74 (2022 ed.), 4.06 Separate Consideration—One Defendant Charged With Multiple Crimes. This instruction will "alleviate any potential prejudice." *United States v. Lewis*, No. 17 CR 68, 2018 WL 10096693, at *3 (W.D. Wis.

Apr. 25, 2018) (denying defendant's motion to sever and rejecting defendant's argument of prejudicial effect of joinder based on, in part, Instruction 4.06).

Moreover, here, the prejudicial spillover argument is a red herring. That is because, even if the counts were severed, the witness tampering evidence would be admissible in a trial on the tax fraud counts as consciousness of guilt evidence. *See, e.g., United States v. Mokol*, 646 F.3d 479, 483 (7th Cir. 2011); *United States v. Johnson,* 624 F.3d 815, 820–21 (7th Cir. 2010); *United States v. Miller,* 276 F.3d 370, 373 (7th Cir. 2002); *Balzano,* 916 F.2d at 1281 (collecting cases); *United States v. Moya–Gomez,* 860 F.2d 706, 768 (7th Cir. 1988) ("In those instances where evidence of one crime is admissible at a separate trial for another, it follows that a defendant will not suffer any additional prejudice if the two offenses are tried together.") (internal citation and quotation marks omitted); *see Stackpole*, 811 F.2d at 694 ("Were the counts severed, substantially the same evidence would have been admitted in both resulting trials. In a trial on the arson and related charges, the obstruction of justice acts would have been admissable [sic] to show consciousness of guilt. And in a trial on the obstruction of justice counts, the arson activities would have been admissible to show motive.") (internal citation omitted).

Defendant's argument that he may be less inclined to testify at trial absent severance is likewise insufficient to demonstrate prejudice under Rule 14. Severance is not mandatory each time a defendant wants to testify to one charge but remain silent on another: "If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant." *United*

*States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988). The need for severance does not arise "until the defendant makes a convincing showing that he has *both* important testimony to give concerning one count and strong need to refrain from testifying on the other." *Id.* (citations omitted and emphasis added). Defendant cites to *United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988), for this proposition, but in *Archer*, the Seventh Circuit found that the defendant failed to make the requisite showing regarding his potential testimony being an appropriate basis for severance of counts.

Here, defendant does not provide *any* information regarding what, if any, important testimony he may have regarding the witness tampering counts, nor does he explain, apart from a conclusory reference to the "results of the first trial," why he has a *strong* need to refrain from testifying about those counts, as required by the caselaw. R. 201 at 4. Defendant identifies no actual barriers to his testimony in a joined trial. He does not allege that the tax charges and witness tampering charges will require him to advance inconsistent defenses.

Defendant's speculation about the effect of a joined trial on his willingness to testify is not enough to show actual prejudice under Rule 14(a).

### III. Even Were There Prejudicial Joinder, Justice Does Not Require Dismissal.

Under Rule 14(a), if the Court finds prejudicial joinder, it may sever the counts or "provide any other relief that justice requires." Defendant does not argue why, in the event of prejudicial joinder, dismissal is required in the interests of justice in this case. Were there prejudicial joinder in this case (and there is not), that could be cured

by severing the witness tampering charges from the tax charges; the drastic remedy of dismissal is not necessary. Defendant's argument that the Superseding Indictment should be dismissed is entirely undeveloped and should be rejected by this Court.

## CONCLUSION

For these reasons, the government respectfully requests that the Court deny defendant's motion to dismiss or sever Counts 14 and 15 of the Superseding Indictment.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

/s/ *Misty N. Wright*
RICHARD ROTHBLATT
MISTY N. WRIGHT
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-2061