

JH

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

MICHAEL ABRAMSON

No. 18 CR 681

Judge Manish S. Shah

**JURY INSTRUCTIONS AND VERDICT FORM**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

1

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant Michael Abramson committed the crimes of filing false tax returns, witness tampering, and violating a lawful court order. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

The defendant is presumed innocent of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all. However, the defendant has the burden of proving the affirmative defense to Count Fourteen, defined on page 30 of these instructions, by a preponderance of the evidence.

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

4

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

A defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

9

It is proper for an attorney to interview any witness in preparation for trial.

You have heard evidence that before the trial, a witness made statements that may be inconsistent with her testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness's testimony was here in court.

If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

You have heard testimony from a witness, Jerilyn Totani, who received immunity from prosecution in return for her testimony. You may not consider her immunity as evidence against the defendant.

You may give this witness's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

You have heard evidence that the defendant committed acts other than the ones charged in the indictment. Specifically, you have heard evidence that Eastern Advisors failed to file corporate income tax returns for certain tax years, and you have heard evidence that defendant placed a condominium that he purchased in a trust for which the beneficiary was Richard Forcone.

Before using this evidence, you must decide whether it is more likely than not that the defendant took the actions that are not charged in the indictment. If you decide that he did, then you may consider that evidence to help you decide the defendant's motive, knowledge of the falsity of the charged returns, and defendant's willfulness.

You may not consider this evidence for any other purpose. To be more specific, you may not assume that, because the defendant committed an act in the past, he is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, he is on trial for filing false tax returns, witness tampering, and violating a lawful court order. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.

You have heard witnesses, namely, Michael Welch and Ronald Braver, who gave opinions and testimony about taxation and tax loss calculations. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how they reached their opinions, and the factors I have described for determining the believability of testimony.

Certain summaries and charts were admitted in evidence. The accuracy of the summaries and charts has been challenged. The underlying documents have also been admitted in evidence so that you may determine whether the summaries are accurate.

It is up to you to decide how much weight to give to the summaries and charts.

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

You have heard evidence obtained from the government's use of a grand jury statement. The government is permitted to use that technique. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to those dates. The government is not required to prove that the crimes happened on those exact dates.

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

Counts One through Thirteen of the indictment charge the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1. The defendant prepared an income tax return or caused someone to prepare an income tax return; and

2. The income tax return was false as to a material matter, as charged in the count; and

3. The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4. The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5. The defendant filed or caused someone to file the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service or had the potential for hindering the Internal Revenue Service's efforts to monitor and verify the tax liability of the taxpayer. A charge of filing a false tax return does not require proof of a tax deficiency.

You may infer that a tax return was, in fact, signed by the person whose name appears to be  signed to it or to the IRS e-file Signature  Authorization form associated with the return. You are not required, however, to infer this.

If you find that the government has proved beyond a reasonable doubt that the defendant signed the tax return, then you may  infer that the defendant knew of the contents of the return. You are not required, however, to infer this.

A tax return is considered filed when it is delivered to and received by the Internal Revenue Service. It does not matter whether the tax return was an original or amended tax return.

A corporation is a legal entity that is separate and distinct from its shareholders, directors, and officers, and from other corporations with which it may be affiliated.

Counts 3 through 10 and Count 12 each charge the defendant with making more than one false statement in a tax filing.

Specifically, Counts 3 through 9 charge that both line 2 and Schedule L, line 14 of the tax filings are false. Counts 10 and 12 charge that both line 26 and Schedule L, line 14 of the tax filings are false.

The government is not required to prove that both lines are false for the particular count you are considering. However, the government is required to prove that at least one of lines alleged in the particular count is false.

To find that the government has proven this, you must agree unanimously on which line is false, as well as all of the other elements of the crime charged.

Count Fourteen of the indictment charges the defendant with attempted witness tampering. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.   The defendant attempted to corruptly persuade Jill Roth; and

2.   The defendant acted knowingly; and

3.   The defendant acted with the intent to influence the testimony of Jill Roth in an official proceeding.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Fourteen, and the defendant has not proved by a preponderance of the evidence the affirmative defense defined on page 30 of these instructions, then you should find the defendant guilty of Count Fourteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Fourteen, then you should find the defendant not guilty of Count Fourteen.

If you find defendant guilty of Count Fourteen, you will be required to determine separately whether the government has proved beyond a reasonable doubt that the crime occurred while defendant was on release.   I will address this further when I discuss the verdict form with you.

29

If the defendant proves that it is more likely than not that the defendant's conduct consisted solely of lawful conduct and the defendant's sole intention was to encourage, induce, or cause Jill Roth to testify truthfully, then you must find the defendant not guilty of Count Fourteen.

A person attempts to commit witness tampering if he knowingly takes a substantial step toward committing witness tampering with the intent to commit witness tampering. The substantial step must be an act that strongly corroborates that the defendant intended to tamper with a witness.

The term "official proceeding" as used in Count Fourteen means federal criminal case 18 CR 681. An official proceeding need not be pending or about to be instituted at the time of the offense. However, the government must prove beyond a reasonable doubt that the defendant foresaw the particular official proceeding.

A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Count Fifteen of the indictment charges the defendant with violating a lawful court order. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1. The court entered a lawful order of reasonable specificity; and

2. The order was violated; and

3. The violation was willful.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Fifteen, then you should find the defendant guilty of Count Fifteen.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to Count Fifteen, then you should find the defendant not guilty of Count Fifteen.

35

As to Count Fifteen, a person acts willfully when he knows or reasonably should be aware that his conduct is wrongful.

A person does not act willfully if he believes in good faith that he is acting within the court's order, or that his actions comply with the court's order.

Therefore, if the defendant actually believed that what he was doing was in accord with the court's order, then he did not willfully violate the court's order. This is so even if the defendant's belief was not objectively reasonable, as long as he held the belief in good faith. However, you may consider the reasonableness of the defendant's belief, together with all the other evidence in the case, in determining whether the defendant held that belief in good faith.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, mobile device, computer, text messaging, instant messaging, the Internet, or services like Facebook or Instagram, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

37

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 681 |
| v. | |
| MICHAEL ABRAMSON | Hon. Manish S. Shah |

## VERDICT FORM

**COUNT ONE (False Statements in Tax Filing):**

With respect to COUNT ONE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____     GUILTY _____

**COUNT TWO (False Statements in Tax Filing):**

With respect to COUNT TWO of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____     GUILTY _____

**COUNT THREE (False Statements in Tax Filing):**

With respect to COUNT THREE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____     GUILTY _____

**COUNT FOUR (False Statements in Tax Filing):**

     With respect to COUNT FOUR of the Indictment, we, the jury, find as follows as to the defendant:

          NOT GUILTY _____       GUILTY _____

**COUNT FIVE (False Statements in Tax Filing):**

     With respect to COUNT FIVE of the Indictment, we, the jury, find as follows as to the defendant:

          NOT GUILTY _____       GUILTY _____

**COUNT SIX (False Statements in Tax Filing):**

     With respect to COUNT SIX of the Indictment, we, the jury, find as follows as to the defendant:

          NOT GUILTY _____       GUILTY _____

**COUNT SEVEN (False Statements in Tax Filing):**

     With respect to COUNT SEVEN of the Indictment, we, the jury, find as follows as to the defendant:

          NOT GUILTY _____       GUILTY _____

**COUNT EIGHT (False Statements in Tax Filing):**

     With respect to COUNT EIGHT of the Indictment, we, the jury, find as follows as to the defendant:

          NOT GUILTY _____       GUILTY _____

**COUNT NINE (False Statements in Tax Filing):**

With respect to COUNT NINE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT TEN (False Statements in Tax Filing):**

With respect to COUNT TEN of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT ELEVEN (False Statements in Tax Filing):**

With respect to COUNT ELEVEN of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT TWELVE (False Statements in Tax Filing):**

With respect to COUNT TWELVE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT THIRTEEN (False Statements in Tax Filing):**

With respect to COUNT THIRTEEN of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT FOURTEEN (Witness Tampering):**

With respect to COUNT FOURTEEN of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____          GUILTY _____

If you find the defendant guilty of the offense charged in Count Fourteen, then you must determine whether the government has proven beyond a reasonable doubt that the defendant committed the offense while on release.

We the jury, do hereby find that the government has proven beyond a reasonable doubt that the offense charged in Count Fourteen occurred while defendant was on release:

☐     No

☐     Yes

**COUNT FIFTEEN (Violating a Lawful Court Order):**

With respect to COUNT FIFTEEN of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____          GUILTY _____

4

_____                    _____
FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

DATE: _____

5